UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20183-GAYLES

JOSEPH E. WADE,

        Plaintiff,

v.

PASSION L. SULLIVAN, et al.,

        Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, appearing *pro se*, filed this action on January 13, 2023. [ECF No. 1].1 Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* the same day. [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain

---

1 The same day, Plaintiff filed several other actions against some of the same defendants. *See e.g. Wade v. Department of Veteran Affairs, et. al.*, 23-cv-20191-KMW, *Wade v. Department of Veteran Affairs, et al.*, 23-cv-20185-CMA, and *Wade v. Sullivan et al.,*, 23-cv-20180-BB.

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

In his Complaint, Plaintiff alleges that he had some type of employment arrangement with the Defendants and that he was subjected to unfair treatment at work. [ECF No. 1]. Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff names fourteen Defendants in this action but fails to allege how those Defendants are responsible for any wrongdoing. Indeed, the Court is unable to discern what claims Plaintiff is attempting to bring in this action and what factual allegations are intended to support each claim against each specific defendant. As a result, this action must be dismissed without prejudice for failure to state a claim. Accordingly, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of January, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE